IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                       Case No. 4:15-cr-00188-01 KGB

MALLORY HALSELL                                                       DEFENDANT

## ORDER

Before the Court is defendant Mallory Halsell's motion for early termination of supervised release (Dkt. No. 93). The government has responded in opposition (Dkt. No. 96). No party has requested a hearing on the motion. For the following reasons, the Court denies the motion (Dkt. No. 93).

Ms. Halsell pled guilty to possession with intent to distribute at least five grams of actual methamphetamine (Dkt. No. 42). The Court sentenced Ms. Halsell on October 12, 2017, to 24 months of imprisonment, four years of supervised release, and a $100 special assessment (Dkt. No. 52). Ms. Halsell began her term of supervised release on September 18, 2018, and her term is set to expire on September 17, 2022.

Since beginning her term of supervised release, the government has twice filed motions to revoke Ms. Halsell's supervised release (Dkt. Nos. 72, 87). On May 10, 2021, the Court modified Ms. Halsell's conditions of supervised release to require her to complete 60 days of inpatient substance abuse treatment under terms set forth by the Court and then to participate in chemical-free living under terms set forth by the Court until September 17, 2022 (Dkt. No. 89).

Ms. Halsell completed inpatient substance abuse treatment and has successfully resided in chemical-free living to date as required by the Court in its May 10, 2021, Order, based on representations in her motion (Dkt. No. 93). She proposes a release plan, if permitted to leave

chemical-free living or if her term of supervised release is terminated (*Id.*). She has family support (*Id.*). The government opposes Ms. Halsell's motion for reasons set out in its filing (Dkt. No. 96). In its response, the government also outlines the United States Probation Office's response to Ms. Halsell's request (*Id.*). The government argues, in part, that Ms. Halsell has not set forth any new or exceptional circumstances to justify early termination of supervised release.

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice. As she has served more than one year of supervised release, Ms. Halsell is eligible for early termination of the remainder of her supervised release under 18 U.S.C. § 3583(e). Based on the facts of this particular case, considering the record before the Court and all appropriate factors, the Court determines that early termination of supervised release at this point cannot be justified. While Ms. Halsell has made progress more recently on completing the terms of her sentence, based on the conduct of Ms. Halsell during the entirety of her term of supervised release and considering the interest of justice, the Court determines that early termination of supervised release is not warranted and would not serve the interests of justice. Therefore, this Court denies without prejudice Ms. Halsell's motion for early termination of supervised release (Dkt. No. 93).

It is so ordered this 11th day of July, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge